UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREW W. VAIL,

                                      Plaintiff              DECISION and ORDER

-vs-                                                          19-CV-6292 CJS

ROCHESTER GENERAL HOSPITAL,
DR. VINCENT CHANG, M.D., and
VCM,

                                      Defendants
_____


## INTRODUCTION

Now before the Court is Plaintiff's motion for reconsideration. (Docket No. [#23]).

The application is denied.

## BACKGROUND

On March 4, 2019, Plaintiff commenced this action, proceeding *pro se*. The action

purports to state a claim for medical malpractice, which arose in Rochester, New York,

on or about April 30, 2017. Plaintiff, who claims to suffer from the Pica disorder (which

involves eating foreign non-food substances and objects), sought medical attention after

he swallowed batteries. The gist of Plaintiff's malpractice claim is that he gave consent

to Defendants for a diagnostic endoscopy, but that Defendants exceeded the scope of

that consent by actually performing surgery to remove the ingested batteries.

In his verified Complaint (Docket No. [#1]), Plaintiff indicated that subject-matter

jurisdiction in this action is "based on diversity of citizenship." In this regard, the Complaint

asserted that Plaintiff, defendant Rochester General Hospital ("RGH"), and defendant Dr.

Chang ("Chang"), were all citizens of the State of New York, while the third defendant, VCM, was a citizen of Pennsylvania.[1] In particular, regarding Plaintiff, the Complaint stated that "at all times relevant hereto," Plaintiff was "a citizen of the State of New York."[2] When Plaintiff completed the Civil Cover Sheet which he filed with the Court, he similarly indicated that that he, RGH and Chang were "citizens of this state," while VCM was a "citizen of another state."[3]

On May 6, 2019, Plaintiff filed an Amended Complaint [#9] against the same defendants. However, whereas Plaintiff had previously alleged that he was a citizen of the State of New York at all relevant times, the amended pleading alleged that he was a citizen of the State of California at all relevant times. In that regard, Plaintiff asserted that he "domiciled" to California in "March of 2015," but then "temporarily relocated" to New York State "in February of 2017 for work-related reasons."

At the time he commenced the action, Plaintiff, who was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), also filed an application for leave to proceed *in forma pauperis*. In connection with the Court's review of Plaintiff's application to proceed *in forma pauperis*, the Court conducted a review of the Complaint, pursuant to 28 U.S.C. § 1915.

On August 12, 2009, the Court issued an Order [#16] granting the application to proceed *in forma pauperis*, but dismissing the action for lack of federal subject-matter

---

[1] The Complaint asserted that defendant VCM had its "principal place of business in the State of Pennsylvania."

[2] The Complaint also asserts that, "[p]rior to Plaintiff moving to Monroe County, State of New York in February of 2017, Plaintiff resided in Los Angeles County (Santa Monica) State of California and was underdoing treatment for [the medical condition] PICA." However, "residence alone is insufficient to establish domicile for jurisdictional purposes." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

[3] Docket No. [#2] at p. 20.

jurisdiction. In that regard, the Court indicated that Plaintiff's filings demonstrated that he was domiciled in New York at the time he commenced this action, and that, therefore, it did not appear that there was complete diversity between the parties. The Court dismissed the action without prejudice, and granted Plaintiff "leave to file a second amended complaint to allege facts indicating complete diversity of citizenship, if possible."

The Court directed that Plaintiff file any such amended pleading by a particular deadline.[4] However, rather than filing an amended pleading, on September 19, 2019, Plaintiff filed the subject letter request [#23] for reconsideration. The Court deems this letter motion to be Plaintiff's response to the Court's Order [#16]. In such response, which is not verified or sworn, Plaintiff asserts the idea, first raised in his Amended Complaint, that he is a citizen of California, and that he only relocated temporarily to New York for unspecified "work reasons" in 2017. In this regard, Plaintiff states:

> I moved to (domiciled) to California in 2015. Since that time I have filed my taxes there, obtained my drivers license there and live there permanently at 2525 Beverley Ave. Santa Monica CA 90405. As soon as I am released [from prison in New York] I will be returning home there.
>
> ***
>
> I have had no permanent address outside of my California residence since 2015 and have had no intention of living elsewhere. I only travel to New York & elsewhere for work or for pleasure.

Docket No. [#23].

## DISCUSSION

"On a motion for reconsideration, the movant must demonstrate that the court has overlooked controlling decisions or data, which, had they been considered, reasonably might have altered the conclusion reached by the court." *O'Connor v. Pan Am Corp.*, 5 F.

---

[4] The deadline is 45 days from the date of the Court's Order [#21] issued on August 29, 2019.

App'x 48, 52 (2d Cir. 2001).

Here, the Court has already found that it lacks subject-matter jurisdiction over this action, since there is a lack of complete diversity. Plaintiff's request for reconsideration does nothing to change the Court's view.

Preliminarily, it is obvious that Plaintiff has changed his position regarding his domicile since commencing this action. Initially, in his sworn Complaint [#2], Plaintiff asserted that there was diversity jurisdiction, because he, RGH and Chang were all citizens of New York, while VCM was a citizen of Pennsylvania. Presumably, at that time Plaintiff was unaware of the requirement of complete diversity. *See, e.g., Pu v. Russell Publ'g Grp., Ltd.*, No. 15-CV-3936 (VSB), 2015 WL 13344079, at *3 (S.D.N.Y. Dec. 29, 2015) ("[C]omplete diversity of citizenship, under 28 U.S.C. § 1332(a), requires that a plaintiff's citizenship be diverse from the citizenship of <u>all defendants</u> to an action.") (emphasis added, citation omitted). It appears that Plaintiff learned about the need for complete diversity at some time between the filing of the original Complaint and the filing of the Amended Complaint, and changed the factual averment concerning his citizenship in order to create complete diversity.

Further, Plaintiff's initial contention that he was a citizen of New York was not a simple mistake or misunderstanding. In this regard, the Court takes judicial notice of the fact that Plaintiff commenced other lawsuits in this Circuit at around the same time that he commenced this action. In each of them, he swore that he was a citizen of the State of New York. For example, on October 12, 2018, Plaintiff filed *Vail v. City of New York*, 1:18-cv-09169-JPO, in the Southern District of New York. The action alleged a constitutional violation occurring in May, 2018. Notably, although that action was

premised on federal question jurisdiction, Plaintiff included a sworn averment that he was a citizen of New York: "Plaintiff Andrew Vail is and was at all relevant [times] hereto a citizen of the State of New York and a United States citizen." Plaintiff affirmed the complaint under penalty of perjury.

Similarly, on December 14, 2018, Plaintiff filed *Vail v. City of New York*, 1:18-cv-11822-VEC-SLC, in the Southern District of New York. The action alleged a constitutional violation occurring in April and May, 2018. Again, although the action was premised on federal question jurisdiction, Plaintiff included a sworn averment that he was a citizen of New York: "Plaintiff Andrew Vail is and was at all times relevant hereto a citizen of the State of New York and a United States citizen." Plaintiff affirmed the complaint under penalty of perjury.

These sworn averments are strong evidence that complete diversity is lacking in this action. On the other hand, Plaintiff has not submitted any documentary evidence to support his bald claim that he lived in California between 2015 and 2017, let alone that he changed his domicile to California. Plaintiff's request for reconsideration relies on his unsworn letter motion, which is contradicted by three sworn complaints. The change in Plaintiff's position concerning his domicile appears to be based on strategic considerations. Plaintiff has not demonstrated his entitlement to relief. *See, e.g., Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 56, n. 3 (2d Cir. 2019) ("As a general matter, Plaintiffs must prove complete diversity by a preponderance of the evidence, but a change in domicile by clear and convincing evidence.") (citation omitted). Accordingly, Plaintiff's motion [#23] is denied.

CONCLUSION

Plaintiff's motion [#23] for reconsideration is denied. The action remains dismissed without prejudice. The Clerk of the Court is directed to close this action. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: Rochester, New York
October  15, 2019

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge